**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EMAD HMEIDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18 cv 2266 |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>NOTICE OF REMOVAL</u>**

Defendant CSX Transportation, Inc. ("CSXT"), by its attorneys, Sean M. Sullivan, Lisa M. Roccanova and Daley Mohan Groble, P.C., pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of its Notice of Removal, CSXT states as follows:

1. Plaintiff commenced this action on February 23, 2018 by filing a complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division, cause no. 2018 L 01970. Plaintiff alleges personal injury as a result of a fall at a railroad yard located in the City of Bedford Park, Cook County, Illinois on March 2, 2016. Plaintiff alleges that CSXT is the owner and operator of the subject railroad yard.

2. CSXT was served with the summons and complaint, through its registered agent, on March 1, 2018. Copies of the complaint, summons and service of process notice are attached hereto as Exhibit A. No other process, pleadings or orders have been served upon CSXT.

## BASIS FOR FEDERAL JURISDICTION

3. This court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. Removal is timely under 28 U.S.C. § 1446(b)(1) because CSXT has filed this notice within thirty days after its receipt of the complaint.

## DIVERSITY OF CITIZENSHIP

5. CSXT is a corporation organized and existing under the laws of the State of Virginia with its principal place of business located in the State of Florida. Pursuant to 28 U.S.C. § 1332(c)(1), CSXT is deemed to be a citizen of the State of Virginia and the State of Florida.

6. CSXT is not the owner or operator of the subject railroad yard. The owner of the subject railroad yard is non-party CSX Intermodal Terminals, Inc. ("CSX Intermodal"). CSX Intermodal is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Florida. Pursuant to 28 U.S.C. § 1332(c)(1), CSX Intermodal is deemed to be a citizen of the State of Delaware and the State of Florida.

7. Plaintiff did not include in the complaint any allegations concerning his address, or his state of residence or citizenship. CSXT has undertaken reasonable investigation to determine plaintiff's state of citizenship. CSXT has located an online listing for "Emad Hmeidan" showing present or former addresses located in Katy, Texas; Houston, Texas; Palatine, Illinois; and Bridgeview, Illinois. CSXT has reviewed various documents concerning plaintiff's accident, including an invoice from the Village of Bedford Park, Illinois for

emergency transport services. The invoice lists the patient as "Emad Al-Deen Hmeidan" with an address in Houston, Texas.

8. CSXT states, based on reasonable investigation and all presently known facts, that plaintiff is a citizen of the State of Illinois or, alternatively, is a citizen of a state other than the State of Virginia or the State of Delaware or the State of Florida.

9. Therefore, there exists complete diversity of citizenship between plaintiff and CSXT. In the event that plaintiff amends the complaint to name the owner of the subject railyard, CSX Intermodal, as a defendant, there will still exist complete diversity of citizenship between plaintiff and defendants.

## AMOUNT IN CONTROVERSY

10. Plaintiff has not alleged a specific amount in controversy. Plaintiff's prayer for relief requests a judgment against CSXT for "a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs." This prayer is in accordance with the rules governing pleading personal injury complaints in the Circuit Court of Cook County. While the complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332, CSXT states that the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

11. Plaintiff alleges that he:

Injure[d] various parts of his body; resulting in him experiencing pain, suffering, and mental anguish both now and in the future; requiring him to expend money for medical care and treatment; resulting in him becoming both temporarily and permanently disabled and disfigured; and resulting in him losing money due to his inability to maintain his employment for a period of time. (Complaint, ¶ 6).

12. Based on review of records available to CSXT to date, plaintiff suffered a displaced trimalleolar fracture of his left lower leg, which is a fracture of the ankle that involves

3

the lateral malleolus, the medial malleolus, and the distal posterior aspect of the tibia. CSXT understands from those records that plaintiff underwent surgical repair of the fracture, including placement of one or more anchor screws.

13. By letter dated December 6, 2016 (attached hereto as Exhibit B), the workers compensation insurer for plaintiff's employer stated that:

    (a) plaintiff was not released to return to work until August 2016, approximately five months after the accident;

    (b) the insurer had paid plaintiff approximately $16,700.00 in temporary disability benefits;

    (c) the insurer had paid approximately $19,300.00 in medical expenses for plaintiff as of the date of the letter; and

    (d) plaintiff was continuing to receive medical treatment as of the date of the letter.

14. Counsel for CSXT is experienced in the defense of serious personal injury lawsuits. Based on that experience, CSXT states that if plaintiff establishes liability against a defendant for the injury he is alleging, a jury would likely return a verdict in excess of $75,000.00.

15. Based on the foregoing, CSXT states that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00

## NOTICE TO PLAINTIFF AND STATE COURT

16. Attached hereto as Exhibit C is the Notice of Filing Notice of Removal being filed contemporaneously with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, defendant CSX Transporation, Inc. hereby removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

                                              Respectfully submitted,

                                              CSX TRANSPORTATION, INC.

                                              By:    /s/     Sean M. Sullivan
                                                         Sean M. Sullivan

Sean M. Sullivan
Lisa M. Roccanova
DALEY MOHAN GROBLE, P.C.
55 West Monroe, Suite 1600
Chicago, Illinois 60603
Tel:    (312) 422-9999
Fax:   (312) 422-5370

**CERTIFICATE OF SERVICE**

      I, Sean M. Sullivan, an attorney, certify that I caused a true copy of the foregoing **Notice of Removal** to be served upon the attorneys listed below, by electronic mail and U.S. mail, on March 29, 2018:

Gary B. Friedman
FRIEDMAN & SOLMOR, LTD.
200 North LaSalle Street
Suite 2750
Chicago, IL 60601

                                            /s/    Sean M. Sullivan
                                                Sean M. Sullivan